UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIAM DANIEL KAVANAUGH,  )
                           )
         Plaintiff,        )
                           )
   v.                      )   No. 4:20-CV-712 JAR
                           )
DUSTIN EDWARDS, et al.,    )
                           )
         Defendants.       )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff William Daniel Kavanaugh for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court finds that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $95.67. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below the Court will issue process on plaintiff's complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. The account statement shows an average monthly deposit of $478.37. The Court will therefore assess an initial partial filing fee of $95.67, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently a pretrial detainee at the Macoupin County Jail in Carlinville, Illinois. He brings this civil action pursuant to 42 U.S.C. § 1983. In his complaint, he names the following defendants: Detective Dustin Edwards and John Doe #1. Both defendants are presumably police officers with the Florissant Police Department. Defendants are sued in both their official and individual capacities.

On July 27, 2018, plaintiff states that he was involved in a traffic stop on the west-bound on-ramp onto Interstate 270 near Florissant, Missouri. During the stop, plaintiff asserts that his constitutional rights were violated. Plaintiff states that the traffic stop was initiated by Detective Edwards. He asserts that Detective Edwards first told him that he was pulled over because "the license plate did not match the vehicle." *See Kavanaugh v. Edwards*, No. 4:19-CV-3256 NCC (E.D.Mo.). Later, Detective Edwards allegedly "changed his story" to say that plaintiff had not used his turn signal. *Id.*

3

In *Kavanaugh v. Edwards*, No. 4:19-CV-3256 NCC (E.D.Mo), plaintiff's prior civil rights action before this Court, plaintiff asserted that Detective Edwards conducted a warrantless search of the outside of plaintiff and his vehicle, an illegal seizure of plaintiff, and a false arrest/false imprisonment of plaintiff, believing that plaintiff was hiding drugs. The Court stayed these particular claims in plaintiff's prior federal case due to plaintiff's ongoing state criminal action in St. Louis County Court pursuant to *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). *See State v. Kavanaugh*, No. 18SL-CR08763-01 (St. Louis County Court, 21st Judicial Circuit). Plaintiff was charged with one count of felony possession of a controlled substance as a result of drugs eventually being found in his car by a second set of detectives called to the scene.

Plaintiff asserts that after the initial illegal search of his car[1], Detective Edwards decided to do a body cavity search on plaintiff at the side of the road. By this time, a second officer had arrived at the scene, Officer John Doe.

Plaintiff states that Detective Edwards told him that he was not allowed to do a body cavity search in a public place and he then asked plaintiff to go to the Florissant Police Department so that Edwards could conduct a body cavity search at the facility. Plaintiff refused to accompany Detective Edwards or agree to a body cavity search because he was not under arrest.

According to plaintiff, Detective Edwards became angry at this response, and again searched plaintiff's vehicle, but found nothing illegal. Next, despite plaintiff's refusal to consent to a body cavity search, Detective Edwards took plaintiff to the side of Edwards's car, while plaintiff was still handcuffed. Detective Edwards allegedly unfastened plaintiff's belt and pulled down his pants and underwear. Plaintiff claims that Detective Edwards "used his hands, as well as

---

[1] Plaintiff asserts that Detective Edwards initially unlawfully searched his car and failed to find any evidence of illegal drugs. He became frustrated at his failure to find anything illegal and illegally subjected plaintiff to a pat-down search. Detective Edwards purportedly failed to find anything illegal on plaintiff's person.

4

a cold metal object," to conduct a body cavity search of plaintiff's anus and penis. During this incident, plaintiff states that Officer Doe #1 "stood by and watched."[2] Plaintiff states that it was after this unlawful body cavity search that a second set of detectives came to the scene and conducted a second illegal search of his vehicle and purportedly "found" drugs in his car. Plaintiff was arrested at that time.

Based on these allegations, in this action, plaintiff asserts that Detective Edwards violated his constitutional rights by performing an illegal search of his person. Plaintiff asserts that Detective Edwards' actions violated his Fourth Amendment rights.

As to Officer Doe #1, plaintiff asserts that Doe #1 failed to intervene and protect him against Detective Edwards, even though Detective Edwards violated plaintiff's rights "right in front of him." Specifically, plaintiff states that Officer Doe #1 did not protect him against Detective Edwards' unreasonable body cavity search and alleged sexual assault. Instead, Officer Doe #1 "just stood by and watched."

Plaintiff seeks compensatory and punitive damages.

**Discussion**

As noted above, in *Kavanaugh v. Edwards*, No. 4:19-CV-3256 NCC (E.D.Mo), plaintiff's prior civil rights action before this Court, plaintiff asserted that Detective Edwards conducted a warrantless pat-down search of plaintiff and an and unlawful search of his vehicle, an illegal

---

[2] The Court notes that plaintiff claimed in yet another lawsuit in this Court, *Kavanaugh v. Lowery*, No. 4:18-CV-2023 AGF (E.D.Mo.), that after Detective Edwards found nothing in the illegal body cavity search, he "made the decision to release" plaintiff. However, as Detective Edwards was removing plaintiff's handcuffs, two other detectives arrived on scene and performed another search of plaintiff's vehicle. Plaintiff states that this search was conducted without his consent, without a warrant, and without probable cause. During this search, one of the new detectives on scene purported to find an illegal substance in plaintiff's car. Plaintiff believes this "was planted[,] fabricated evidence." He asserts that defendants wanted to use this evidence against him in an attempt to put him in jail, and to "impede [his] right to take legal action and pursue justice against" Detective Edwards. Plaintiff was ultimately charged on November 28, 2018, in the case of *State of Missouri v. Kavanaugh*, No. 18SL-CR08763 (21st Jud. Cir., St. Louis County). Plaintiff voluntarily dismissed *Kavanaugh v. Lowery*, No. 4:18-CV-2023 AGF (E.D.Mo.) before the case came to fruition.

5

seizure of plaintiff, and a false arrest/false imprisonment of plaintiff, believing that plaintiff was hiding drugs. The Court stayed these claims in plaintiff's prior federal case due to plaintiff's ongoing state criminal action in St. Louis County Court pursuant to *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). The Court dismissed, however, plaintiff's claims of excessive force in that same action. Plaintiff's claims of unlawful body cavity search against Edwards, as well as his claims of failure to intervene against John Doe #1 were dismissed without prejudice in that action, with leave to refile in a separate lawsuit in this Court. *Id.*

In this action, plaintiff has refiled his claim against Detective Edward for violation of his Fourth Amendment rights for an unlawful body cavity search. He also asserts that defendant John Doe #1 failed to intervene when Detective Edward engaged in the unlawful body cavity search. Plaintiff brings these claims against defendants in both their individual and official capacities.

For the reasons discussed below the Court will dismiss the official capacity claims against the defendants. However, the Court will issue process on plaintiff's individual capacity claim against defendant Edwards for the alleged illegal body cavity search, as well as plaintiff's individual capacity claim against defendant John Doe for failure to intervene in the body cavity search.

**A. Official Capacity Claims**

Plaintiff has asserted official capacity claims against defendants Edwards and John Doe #1. An official capacity claim against an individual is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy

6

"must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, defendants are alleged to be employed by the Florissant Police Department. Thus, plaintiff's official capacity claims against them are claims against Florissant itself. In order to prevail on an official capacity claim, the plaintiff must establish Florissant's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. Plaintiff has failed to demonstrate that Florissant had an unconstitutional policy or custom or was deliberately indifferent in failing to train or supervise its employees. Therefore, the official capacity claims against defendants must be dismissed.

**B. Strip Search and Failure to Intervene Claims**

Plaintiff alleges that Detective Edwards performed an illegal strip search – which he terms a "body cavity search" – and that Officer Doe #1 failed to intervene to stop it. The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV. Under the Fourth Amendment, strip searches raise special considerations. *Robinson v. Hawkins*, 937 F.3d 1128, 1136 (8th Cir. 2019). Specifically, "the need for the particular search must be balanced against the invasion of personal rights that the search entails." *Franklin v. Lockhart*, 769 F.2d 509, 510-11 (8th Cir. 1985).

"In determining reasonableness, courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *United States v. Williams*, 477 F.3d 974, 975 (8th Cir. 2007). To that end, "searches involving penetration or public exposure of genitals are considered more intrusive that those not

involving such means." *Robinson*, 937 F.3d at 1137. In order to comport with the Fourth Amendment, "strip searches should be conducted in an area as removed from public view as possible without compromising legitimate security concerns," "should be conducted by officials of the same sex as the individual to be searched," and "should be performed in a hygienic fashion and not in a degrading, humiliating or abusive fashion." *Richmond v. City of Brooklyn Center*, 490 F.3d 1002, 1008 (8th Cir. 2007). *See also Robinson*, 937 F.3d at 1138 (affirming district court's denial of qualified immunity to a police officer who conducted a strip search on a female suspect in view of a male officer, in an unsanitary parking lot, while calling her insulting names).

Under the Fourth Amendment, a police officer may be held liable for failing to intervene to prevent the unconstitutional assault by another officer. *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009). To establish a failure to intervene claim, however, the plaintiff must show that the officer observed or had reason to know that a constitutional violation was occurring. *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015). *See also Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009) (explaining that police officer had duty to intervene to prevent the excessive use of force where the officer was aware of the abuse and the duration of the episode was sufficient to permit an inference of tacit collaboration); and *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) (stating that in Fourth Amendment excessive force context, a police officer may be liable for failing to intervene "where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration").

Plaintiff's allegations in his complaint are sufficient at this point of the litigation to outline an individual capacity claim against defendant Edwards under the Fourth Amendment for an illegal body cavity search. Moreover, his claims in his complaint are also sufficient to outline a claim against defendant John Doe #1, in his individual capacity, for failing to intervene in such search.

The Court will issue process on defendant Edward at this time. However, plaintiff must provide the Court with a proper name for defendant Doe, as well as an address at which defendant John Doe #1 can be served before process can be issued on John Doe #1.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim...and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. As explained above, the Court has already stayed plaintiff's illegal stop, illegal search of his car and outer body, and illegal arrest claims, and administratively closed his prior federal case. The Court believes that plaintiff has properly outlined his claims in the present case and at this time should be able to litigate the remaining claims. The Court will entertain future motions for appointment of counsel at a later date.

### D. Motion for Service of Process at Government Expense

9

Plaintiff has filed a motion for service of process at government expense. Pursuant to 28 U.S.C. § 1915(d), the Court "shall issue and serve all process" for litigants who are granted leave to proceed in forma pauperis. The Court will grant plaintiff's leave to proceed in forma pauperis and request that the United States Marshal's Office provide service of process to defendant Officer Dustin Edwards. Plaintiff has not, however, provided a name or address at which service can be effectuated for defendant John Doe #1. Thus, plaintiff will be given thirty (30) days to provide the Court with John Doe #1's name and last known address so that the Court can effectuate process on his behalf.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for service of process at the government's expense [Doc. #2] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $95.67 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Court shall issue process, or process shall be issued on defendant Detective Dustin Edwards in his individual capacity, at Florissant Police Department, as to plaintiff's claims that Detective Edward violated his Fourth Amendment rights by unlawfully

doing a body cavity search on plaintiff on the side of the road and/or sexually assaulting plaintiff during such body cavity search.

**IT IS FURTHER ORDERED** that plaintiff shall provide the Court, within thirty (30) days of the date of this Order, the proper name and last known address of John Doe #1, so that service on John Doe #1 can be effectuated as to plaintiff's claim for failure to intervene against John Doe #1 in his individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's failure to provide the proper name and address for John Doe #1 within thirty (30) days of the date of this Memorandum and Order will result in a dismissal of John Doe #1 from this action, without prejudice.

Dated this 9th day of October, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE