UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM DANIEL KAVANAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-712 JAR |
| ) | |
| DUSTIN EDWARDS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court are plaintiff's motions relative to attaining the identify of defendant John Doe #1 in this action. Due to the foregoing reasons, the Court will deny plaintiff's motion for issuance of subpoenas, as well as his motion for leave to file an amended complaint. The Court will, however, grant plaintiff's motion for extension of time to file identifying information for defendant John Doe #1.

**Background**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on May 28, 2020. This was his third attempt to hold defendants liable for alleged civil rights violations relating to a traffic stop in Florissant, Missouri, in July of 2018, on the west-bound on-ramp onto Interstate 270 near Florissant, Missouri. *See Kavanaugh v. Edwards*, No. 4:19-CV-3256 NCC (E.D.Mo.)[1] and *Kavanaugh v. Lowery*, No. 4:18-CV-2023 AGF (E.D.Mo.).[2]

---

[1]In *Kavanaugh v. Edwards*, No. 4:19-CV-3256 NCC (E.D.Mo), plaintiff's prior civil rights action before this Court, plaintiff asserted that Detective Edwards conducted a warrantless search of the outside of plaintiff and his vehicle, an illegal seizure of plaintiff, and a false arrest/false imprisonment of plaintiff, believing that plaintiff was hiding drugs. The Court stayed these claims due to plaintiff's ongoing state criminal action in St. Louis County Court pursuant to *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

[2]Plaintiff voluntarily dismissed *Kavanaugh v. Lowery*, No. 4:18-CV-2023 AGF (E.D.Mo.) before the case came to fruition.

Plaintiff asserts that after the initial illegal search of his car, Detective Edwards decided to do a body cavity search on plaintiff at the side of the road. By this time, a second officer had arrived at the scene, Officer John Doe.

Plaintiff states that Detective Edwards told him that he was not allowed to do a body cavity search in a public place and he then asked plaintiff to go to the Florissant Police Department so that Edwards could conduct a body cavity search at the facility. Plaintiff refused to accompany Detective Edwards or agree to a body cavity search because he was not under arrest.

According to plaintiff, Detective Edwards became angry at this response, and again searched plaintiff's vehicle, but found nothing illegal. Next, despite plaintiff's refusal to consent to a body cavity search, Detective Edwards took plaintiff to the side of Edwards's car, while plaintiff was still handcuffed. Detective Edwards allegedly unfastened plaintiff's belt and pulled down his pants and underwear. Plaintiff claims that Detective Edwards "used his hands, as well as a cold metal object," to conduct a body cavity search of plaintiff's anus and penis. During this incident, plaintiff states that Officer Doe #1 "stood by and watched."  Plaintiff states that it was after this unlawful body cavity search that a second set of detectives came to the scene and conducted a second illegal search of his vehicle and purportedly "found" drugs in his car. Plaintiff was arrested at that time.

Based on these allegations, in this action, plaintiff asserts that Detective Edwards violated his constitutional rights by performing an illegal search of his person. Plaintiff asserts that Detective Edwards' actions violated his Fourth Amendment rights.

As to Officer Doe #1, plaintiff asserts that Doe #1 failed to intervene and protect him against Detective Edwards, even though Detective Edwards violated plaintiff's rights "right in front of him." Specifically, plaintiff states that Officer Doe #1 did not protect him against Detective

2

Edwards' unreasonable body cavity search and alleged sexual assault. Instead, Officer Doe #1 "just stood by and watched."

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim on October 9, 2020. The Court issued process on plaintiff's claims against Detective Edwards in his individual capacity for allegedly violating is Fourth Amendment rights by unlawfully doing a body cavity search on plaintiff at the side of the road and/or purportedly sexually assaulting plaintiff. Additionally, the Court stated that plaintiff's allegations against John Doe #1, in his individual capacity for failing to intervene in the search, also stated a claim for relief, but the Court was unable to issue process because plaintiff had not provided a proper name or identifying information for John Doe #1.

In the October 9, 2020, Memorandum and Order, the Court ordered plaintiff to provide identifying information for John Doe #1 or an address at which he may be served, within thirty (30) days. Plaintiff was told that his failure to do so could result in a dismissal of defendant John Doe #1 without prejudice.

Alias summons was executed on Dustin Edwards on December 17, 2020. Defendant Edwards filed his answer to the complaint on January 7, 2021. Simultaneously with this Memorandum and Order the Court is issuing a Case Management Order setting forth discovery in this case.

### Discussion

Plaintiff has filed three motions relative to attaining the identity of John Doe #1 in this action. Before the Court is plaintiff's motion for leave to file an amended complaint "after reasonable discovery," a motion for issuance of subpoenas relative to the officers at his traffic stop,

3

and a motion for extension of time to provide the proper name and service information for John Doe #1. The Court will address each motion in turn.

### A. Motion for Leave to File an Amended Complaint

Plaintiff seeks leave to amend his complaint "after reasonable discovery" in order to ascertain the proper name and address of John Doe #1. Plaintiff outlines the procedures he has gone through pursuant to the Freedom of Information Act to attain the proper name and address of defendant John Doe #1. He asserts that he began requesting information from the Florissant Police Department as early as July 27, 2018 about the identity of the officers involved in his traffic stop.

The Court appreciates the lengths plaintiff has gone to an order to figure out identifying information for defendant John Doe #1. However, at this point in the proceedings, plaintiff has not presented the Court with a proposed amended complaint with the proper identifying information as requested in the Court's October 9, 2020 Memorandum and Order.

To obtain leave to file an amended complaint, "a party must submit the proposed amendment along with its motion." *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985); *see Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983) ("Absent some indication as to what might be added to the complaint to make it viable, the [moving party] is not entitled to leave to amend."). At this time, the Court must deny plaintiff's motion to amend his complaint, without prejudice.  The Court, however, has provided a date for amendment of pleadings within the Case Management Order issued simultaneously with today's Memorandum and Order.

### B. Motion for Issuance of Subpoenas

Plaintiff has filed a motion for issuance of subpoenas. In his motion plaintiff asks the Court to send him the following forms: "a notice of subpoenas and subpoenas."

4

Plaintiff states that pursuant to Federal Rule of Civil Procedure 45 he wishes to subpoena Chief of Police Timothy Fagan at Florissant Police Department to ascertain the names of not only John Doe #1, but also the other two officers, besides Officer Dustin Edwards, who were at the site of his arrest on July 27, 2018.

Generally, a party may not seek discovery from any source before the Rule 26(f) conference, unless authorized by the Federal Rules of Civil Procedure, by stipulation, or by court order. Fed. R. Civ. P. 26(d)(1). In determining whether to grant expedited discovery, courts apply either a "good cause" standard or a preliminary injunction standard. *Progressive Cas. Ins. Co. v. F.D.I.C.*, 283 F.R.D. 556, 557 (N.D. Iowa 2012). While the Eighth Circuit has not expressly adopted either standard, the majority of federal courts use the good cause standard. *Id.* "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party." *Cook v. Williams*, 2009 WL 3246877, at *1 (E.D. Mo. 2009). Moreover, courts typically deny motions for expedited discovery when the movant's request is overly broad. *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

Expediting the discovery process is not the norm. *Progressive Cas. Ins. Co.*, 283 F.R.D. at 557. Good cause has been shown in a patent infringement case where a plaintiff needed to collect seed samples before they were destroyed. *See Monsanto*, 250 F.R.D. at 413. Good cause has also been shown in a case where the plaintiff was terminally ill and a deposition needed to be taken to preserve his testimony. *See Cook*, 2009 WL 3246877, at *1. Expedited discovery has also been granted in copyright cases involving illegal file sharing on the internet. *See Paisley Park Enters., Inc. v. Ziani*, 2018 WL 6567828, at *3 (D. Minn. 2018) ("Expedited discovery for purposes of serving a complaint is particularly relevant in copyright cases involving file sharing because as a

5

practical matter, copyright owners cannot deter unlawful peer-to-peer file transfers unless they learn the identities of the persons engaged in that activity").

The Court finds that plaintiff has not shown good cause to expedite discovery in this case. There has been no showing that evidence might be destroyed or otherwise lost if expedited discovery is not granted. He has also failed to demonstrate there are no other reasonable means to identify defendant John Doe #1. Further, unlike in a copyright infringement case, plaintiff has not alleged that he is suffering an ongoing harm that can only be deterred through identification of the persons engaged in that activity. Moreover, as stated *infra,* the Court will grant plaintiff's motion for extension of time to provide defendant John Doe #1's proper name and address.

### C. Motion for Extension of Time

Plaintiff has filed a motion for extension of time to provide the proper name and last known address of John Doe #1. As noted above, the Court is issuing simultaneous with this Memorandum and Order a Case Management Order governing discovery in this case.

The Case Management Order designates that all motions for joinder of additional parties or amendment of pleadings shall be filed no later than April 8, 2021. Additionally, the Case Management Order dictates that each party shall disclose to the other party all persons "having knowledge or information of the facts giving rise to plaintiff's claim." The Court will assume that John Doe #1 will be one of the persons designated by defendant Dustin Edwards as an individual having knowledge of the events giving rise to plaintiff's claims.

Although defendant Edwards is not obligated to provide John Doe #1's home address to plaintiff, if he is still employed by the Florissant Police Department, he is obligated to designate such. If he is no longer employed by the Police Department, defense counsel may, in lieu of

6

providing an address to plaintiff, provide an address to the Court at which defendant John Doe #1 may be found on an *ex parte* basis so that service may be accomplished.

Given the fact that plaintiff has until April 8, 2021, to join parties or amend pleadings, the Court will grant plaintiff's motion for extension of time to provide the Court with John Doe #1's proper name and address at which he may be served.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [Doc. #8] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for issuance of subpoenas [Doc. #11] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to provide identifying information for John Doe #1 [Doc. #12] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall provide the Court, no later than April 8, 2021, the proper name of John Doe #1, as well as the address at which defendant John Doe #1 may be served. **Plaintiff's failure to provide this information by April 8, 2021,** will result in dismissal of plaintiff's failure to intervene claim against John Doe #1 in his individual capacity, without prejudice.

A Case Management Order will be issued simultaneously with this Memorandum and Order.

Dated this 5th day of February, 2021.

                                            **JOHN A. ROSS**
                                            **UNITED STATES DISTRICT JUDGE**