# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM D. KAVANAUGH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DUSTIN EDWARDS, et al., ) <br> ) <br> Defendants. ) | Case No. 4:20-CV-00712 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's pro se motion for issuance of a subpoena to the Chief of the Florissant Police Department seeking copies of any video or audio recordings of the traffic stop at issue in this case. (Doc. No. 29).[1] Defendants oppose the motion on the grounds that Plaintiff's request is not properly directed to the actual custodian of any records sought, namely, the City of Florissant, and further, that there are in fact no recordings of the incident. Defendant states that he filed discovery responses to similar requests from Plaintiff to that effect. The Court cannot order the production of something that does not exist. Counsel for Defendant are officers of the Court and the Court has no reason to doubt the truthfulness or validity of their representations. The Court will therefore deny Plaintiff's motion as moot based on Defendant's representations.

Plaintiff has since filed another request for subpoena seeking, "[a]ny and all policies, directives, or instructions to staff concerning the existence, operating procedures, chain of custody, and storage procedures for sound and image recordings by the Florissant Police Department from July 27, 2018, to the date of your response." (Doc. No. 46 at ¶ 6(a)). Plaintiff states he requested

---

[1] Plaintiff filed an identical request for subpoena on May 24, 2021. (Doc. No. 43).

these records in his First Request for Production of Documents and that Defendant responded: "None that would be applicable to this incident." (Id. at ¶ 9). Given Plaintiff's *pro se* status, the Court will construe his request broadly and address Plaintiff's discovery issues. Plaintiff brings this § 1983 action for alleged constitutional violations arising out of a traffic stop by Florissant Police officers. As such, Plaintiff is entitled to discovery of relevant sections of the Florissant Police Department's policies and procedures as they relate to traffic stops generally and the use of body camera and dash cam video recordings. Therefore, the Court will order Defendants to provide those records to Plaintiff. Counsel is reminded of their obligation to respond to and supplement discovery in full.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's pro se motion for subpoena [29] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that **within twenty-one (21) days of the date of this Order**, Defendant shall provide Plaintiff with copies of the relevant sections of the Florissant Police Department's policies and procedures relating to traffic stops generally and the use of body camera and dash cam video recordings that were in effect during the relevant time period.

Dated this 11th day of June, 2021.

                                                                        */s/ John A. Ross*
                                                                    **JOHN A. ROSS**
                                                                    **UNITED STATES DISTRICT JUDGE**